IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-214-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.    HAYLEY KRISTEN KUSKIE**,

    Defendant.

## ORDER REJECTING PLEA AGREEMENT

This matter is before the Court on Defendant's Plea Agreement. (ECF No. 61.) Pursuant to Federal Rule of Criminal Procedure 11(b), the Court accepted Defendant's guilty plea to Count 6 of the Superseding Indictment. (ECF No. 4.) However, plea *agreements* are governed separately under Rule 11(c). *See United States v. Hyde*, 520 U.S. 670, 674 (1997) (under Rule 11, "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time"). During the change-of-plea hearing, the Court announced that it was deferring the decision whether to accept the Plea Agreement until it could review the Presentence Investigation Report ("PSIR").[1] The Court further stated that it would announce its decision by way of separate order. This is that order. And, for the reasons explained below, the Court rejects the Plea Agreement.

---

[1] The minutes for the change-of-plea hearing state, incorrectly, that "[t]he acceptance of defendant's plea of guilty to Count 6 is deferred until the Court has had the opportunity to review the Presentence Investigation Report." (ECF No. 60 at 1.) The Court accepted the plea itself; the Court deferred the decision whether to accept the Plea Agreement.

## I.  BACKGROUND

The Superseding Indictment, which is dated October 10, 2018, charges Defendant, along with co-defendant Lawrence Lowe, with one count of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) ("Count 6").  (ECF No. 4 at 6–7.)[2]  Defendant was arrested, arraigned (pleading not guilty), and released on bond on October 15, 2018.  (ECF Nos. 7, 9, 13–14.)

On June 10, 2019, Defendant filed a Notice of Disposition and requested a change-of-plea hearing.  (ECF No. 51.)  The Court set a change-of-plea hearing for July 15, 2019.  (ECF No. 52.)  The Court, however, received and reviewed the Plea Agreement ahead of that hearing.  (*See id.*)  The major points of the Plea Agreement are:

- Defendant pleads guilty to Count 6.  (ECF No. 61 at 1.)
- The Government agrees that a three-point reduction in offense level for acceptance of responsibility is appropriate.  (*Id.*)
- "[T]he parties agree to jointly recommend [to the Court] no confinement" (*id.* at 2), or in other words, to recommend a sentence of probation.

The Plea Agreement's preliminary sentencing calculation estimated an offense level of 17 (inclusive of the three-point reduction) and a criminal history category of I, for an advisory sentencing range of 24–30 months.  (*Id.* at 14.)  The Plea Agreement also stated "the parties['] understand[ing] that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose" a sentence below, within, or above the advisory guideline range (up to the statutory maximum).  (*Id.* at 16.)

---

[2] The other counts of the Superseding Indictment are directed solely at Lowe.

The change-of-plea hearing took place on July 15, 2019, as scheduled. (ECF No. 60.) As already noted, the Court accepted Defendant's plea but advised the parties that it reserved ruling on whether it would accept the Plea Agreement.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure contemplate three types of bargains the Government will offer:

> [T]he plea agreement may specify that an attorney for the government will:
>
> (A) not bring, or will move to dismiss, other charges;
>
> (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1). For simplicity, the Court will refer to these three types of bargain as Types A, B, and C, respectively.

"To the extent the plea agreement is of [Types A or C], the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). And, "[t]o the extent the plea agreement is of [Type B], the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B).

3

The Plea Agreement at issue here is a Type B agreement because the Government has agreed to jointly recommend a sentence of probation. It is not clear under Rule 11 whether the Court has any duty to accept or reject a Type B plea agreement, or whether the Court instead need only announce at sentencing that it is not following the recommendation (having already warned the defendant that a sentence different from the recommendation is not a basis for withdrawing the plea, per Rule 11(c)(3)(B)).

Here, the Court stated on the record during the change-of-plea hearing, "If I reject the plea agreement as against the public interest, the defendant will be given the opportunity to withdraw her guilty plea and have this matter proceed to trial, or submit to me an amended plea agreement which addresses the concerns that cause me to reject the original agreement." Moreover, through the Court's discussion with the lawyers about their reasons for recommending probation, and the Court's colloquy with Defendant herself, the Court gained the sense that, although Defendant understands the Court is not bound by the recommended sentence, Defendant's decision to enter into the Plea Agreement was strongly influenced by the belief that the recommendation was a realistic sentencing possibility. In that light, the Court concludes that issuing this order ahead of any sentencing hearing—rather than announcing the Court's disagreement with the parties' recommendation at the sentencing hearing itself—is most appropriate.

In analyzing the Plea Agreement, the Court will borrow from case law regarding Type A and Type C agreements. According to that case law, "[w]hile the procedures of Rule 11 are largely for the protection of criminal defendants, Rule 11 also contemplates

4

the rejection of a negotiated plea when the district court believes that bargain is too lenient, or otherwise not in the public interest." *United States v. Carrigan*, 778 F.2d 1454, 1461–62 (10th Cir. 1985) (internal quotation marks omitted; alterations incorporated).

### III.  ANALYSIS

The Presentence Investigation Report agrees with the Plea Agreement that Defendant's criminal history category is I because Defendant has no criminal history (ECF No. 73 ¶¶ 54–57), but calculates the total offense level as 22, not 17 (*id.* ¶ 53). The five-point increase comes by way of Guidelines § 2B3.1(b)(2)(C), which requires such an increase if it was reasonably foreseeable that a firearm would be used in the commission of the robbery in question.  (*Id.* ¶¶ 43–45.)  Defendant does not object to this calculation.  (*See* ECF No. 70.)

An offense level of 22 with criminal history category of I yields an advisory sentencing range of 41–51 months.  (*Id.* ¶ 100.)  However, the median sentence handed down to a category I offender when being sentenced under Guidelines § 2B3.1 (which applies to Hobbs Act robbery) is 60 months as of federal fiscal year 2017 (the most recent year for which this statistic is readily available).  *See* United States Sentencing Commission, "Sentence Length for Offenders in Each Criminal History Category by Primary Sentencing Guideline," *at* https://isb.ussc.gov/api/repos/:USSC:table_xx.xcdf/generatedContent?table_num=Table14AG (last accessed Oct. 15, 2019). And the *average* sentence is actually 86 months.  *Id.*

The foregoing shows that the recommended sentence of probation would, from a purely statistical perspective, be an extreme departure from the norm for persons

5

similarly situated to Defendant.  Moreover, there are serious aggravating circumstances specific to Defendant's case.  Although Count 6 only charges Defendant with one instance of robbery, the Plea Agreement and PSIR document that Defendant was instrumental in a string of five or six armed robberies (inclusive of that charged in Count 6), in which Defendant provided the firearm to her co-defendant, or drove the getaway car, or both.  (ECF No. 61 at 6–12; ECF No. 73 ¶¶ 10–36.)  The Court appreciates counsels' arguments regarding Defendant's vulnerability, desire to feel loved (as she believed she was feeling from her co-defendant), and her consequent susceptibility to manipulation.

But there is a limit.  Defendant eventually had her co-defendant's Federal Bureau of Prisons inmate number tattooed on her left ring finger, which strongly suggests a knowing embrace of his criminal identity.  (ECF No. 73 ¶ 77.)  And, as noted, Defendant significantly enabled her co-defendant's continuing criminal conduct by providing the critical tools for the subject robberies, those being a vehicle and firearms.  Finally, while the co-defendant in this case in not similarly situated to Ms. Kuskie given, among other things, his serious criminal history, the fact remains the Court is presently considering a Rule 11(c)(1)(C) sentence recommendation for him of 20 years.  The immense disparity in the sentencing recommendations for the two defendants in this case is another factor militating in favor of rejecting the Defendant's plea agreement.

The Plea Agreement's recommended sentence thus fails on its face to satisfy the 18 U.S.C. § 3553(a) factors, particularly the need for the sentence to reflect the seriousness of the offense, in addition to providing adequate specific and general deterrence.  The Plea Agreement, in its present form, is therefore not in the public

interest, and the Court rejects it.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Plea Agreement (ECF No. 61) is REJECTED as not in the public interest; and

2. No later than **November 18, 2019**, Defendant shall (a) submit to the Court a new or amended plea agreement, or (b) move for leave to withdraw her notice of disposition (ECF No. 51). If she does neither, the Court will go forward with sentencing on the open plea alone (*i.e.*, as if Defendant pleaded guilty to Count 6 without the benefit of the plea agreement).

Dated this 17th day of October, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge